**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| SUBHEIL MELENDEZ VAZQUEZ on behalf of minor J.J.S.M. | CIVIL NO. 3:17-cv-2279 |
| *Plaintiffs* | PLAINTIFF DEMANDS TRIAL BY JURY |
| Vs. | |
| TJX COMPANIES, INC.; JOHN DOE, JANE ROE | |
| *Defendants* | |

# COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** plaintiff, through the undersigned counsel, and pursuant to this Honorable Court, respectfully **STATE, ALLEGE** and **PRAY**:

## I. THE PARTIES

1. Representative, **SUBHEILY MELENDEZ VAZQUEZ** is of legal age, married, and resident of Manatí, Puerto Rico. **SUBHEILY** is the mother with custody and *parens patrie* of minor **J.J.S.M.**, who in this cause of action happens to be the moving party pursuant to Fed. R. Civ. P. 17(c)(1)(A).

2. Plaintiff, **J.J.S.M.**, is a minor, student, and resident of Manatí, Puerto Rico. **J.J.S.M.** is suffering the damages alleged herein and for which compensation is sought.

3. Defendant **THE TJX COMPANIES, INC.,** [hereinafter "Defendant" and/or TJX] is a corporation organized under the laws of the State of Delaware, located at Corporation Trust Center, 1209 Orange Street, in the City of Wilmington, County of New Castle. The name and Address of its registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4.    Defendants, **JOHN FOE** and **JANE ROE** are any individuals, legal entities, private or governmental agencies, municipalities or entities that may be liable to the plaintiff here, or were otherwise responsible to the facts that are reported here, and are called at this time by fictitious names ignored the real, which shall be notified as soon identified.

## II. JURISDICTION

5.    This Honorable Court has subject matter jurisdiction over the instant case pursuant to 28 U.S.C. sections 1332(a) (1), inasmuch as this is an action between citizens of different states and the amount in controversy exceeds SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs and interests.

## III. THE FACTS

6.    On May 22 of 2006 EMKAY CARIBBEAN LEASING CORPORATION [hereinafter "LESSOR"] and DEFENDANT executed a VEHICLE LEASE AGREEMENT [hereinafter "THE LEASE"] where TXJ acquired a motor vehicle manufactured by Ford, model Escape [hereinafter "the Leased Vehicle" and/or "Escape"], year 2013, license plate No. IFR-333.

7.    On September 1st of 2014, Mrs. NOEMI RIVERA CRESPO [hereinafter "The Driver", "TJX Employee" and/or "Mrs. Rivera Crespo"] was driving the aforementioned Vehicle.

8.    On September 1st of 2014, Plaintiff, JJSM, [hereinafter "The Minor" and/or "Plaintiff"] was using his skateboard—also known as a "*longboard*" model—around the vicinities of the basketball court inside the neighborhood Urb. Brisas de Mar Chiquita in Manatí, Puerto Rico. Around 8:28PM, Plaintiff decided to leave said areas and head

back home. While running his skateboard across the sidewalk and through the ramp that gives access to the street in order to cross to the adjacent sidewalk, Plaintiff was impacted by Mrs. Rivera Crespo while driving the Leased Vehicle.

9.     The main cause of said collision was produced by Defendant's negligence. Defendant failed to conduct the Vehicle at a reasonable speed inside a residential complex as required by Puerto Rico law. This type of conduct reflects Defendant's true contempt towards the life of others while driving within a residential recreational park where children tend to play. Mrs. Noemi's carelessness while operating the Vehicle enabled her to take the proper measures in order to avoid the accident that gives rise to the present cause of action.

10.    The negligence in not taking the proper measures as to safeguard a reasonable speed where children play rests exclusively on the Defendant behalf; therefore, the accident is solely Mrs. Noemi's responsibility.

11.    In the wake of the impact, the Plaintiff, a minor, suffered traumas and lacerations in all of his body. Specifically to his back, neck, an open wound to his head, and a fractured clavicle. As a result of said injuries, the Minor had to receive first aid assistance by paramedics, who later had to immediately transport him to the Emergency Room at the Manatí Medical Center where he received rigorous medical examinations, get stitches and where his left shoulder had to be immobilized to avoid further damages.

12.    In light of this event, Plaintiff has had to incur in necessary medical treatments and undergo numerous vigorous medical examinations as well, thus, causing him and his guardians anxiety and unnecessary stress due to the uncertainty of his health at such a young age.

13.    As a direct and proximate result of Defendant's negligence, Plaintiff has sustained and will continue to sustain severe physical damages, loss of consortium,

emotional distress and consequential damages, uncertainty that an incident of the same nature might happen again, and is therefore entitled to compensatory relief according to proof, and to a declaratory judgment that Defendant is liable for breach of his duty to the Plaintiff due to Defendant's failure to safeguard while operating a motor vehicle as established pursuant to Puerto Rico law.

14.     Plaintiff will have a permanent impairment that will be determined in the course of his medical treatment. Besides, this incident has substantially affected his quality of life because he can no longer complete his daily tasks like he could prior to this incident due to the continuous pain he keeps experiencing. These include, but are not limited to: playing basketball as he was accustomed to; riding his skateboard "*longboard*" with his peers; be active in sports like every other person of such a young age; be limited to regular activities because his parents feel distress that something like said event will happen again.

## IV. PLAINTIFFS DAMAGES

15.     The monetary damages suffered by Plaintiff, include, but are not limited to: bodily and physical injury, pain and sufferings, mental anguish, psychological and emotional distress, loss of enjoyment of life, loss of enjoyment of activities to which he was accustomed, and expenses, among others, all of which are the direct consequences of Defendant's negligence, are conservatively estimated as follows:

a)     Plaintiff **J.J.S.M.,** an amount in excess                of **THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00**)

## V. JOINT AND SEVERAL LIABILITIES

19.     In accordance to the laws of the Commonwealth of Puerto Rico, as joint tortfeasors, Defendant's insurance carrier must be held severally liable for all of the damages alleged in this Complaint.  Defendants above described acts or omissions

constitute a tort pursuant to Article 1802 as prescribed in the Puerto Rico Civil Code. P.R. Laws ANN. tit. 31, § 5141 (1930).

## VI. PREJUDMENT INTEREST, ATTORNEY FEES AND COST

20.    In the event that the Defendant deny their negligence or liability in the occurrence of the events or damages caused to Plaintiffs, by assuming such reckless conduct, Plaintiff is entitled to pre judgment interest to be computed over the amount recovered through this Complaint, as well as a reasonable amount of attorney's fees, as permitted by law.

## VII. TRIAL BY JURY

21.    Plaintiff demands that the instant action be tried before a jury.

## VIII. RELIEF

**WHEREFORE,** Plaintiff respectfully requests from this Honorable Court a judgment against the Defendant, severally for the damages sustained by itself, as well as the award of costs, attorney's fees, interests and any other relief allowed in law and/or equity that this Honorable Court might deem proper and just, regardless of whether said remedy was claimed or not.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 6th of November 2017.

*S/***MANUEL COBIAN ROIG**
USDC NO. 220005
Attorney for Plaintiffs
PO Box 177
Guaynabo, PR  00970
Phone (787) 402-6944
Mobile (787) 248-8933
e-mail: manuelcobianroig@gmail.com